**FEDERAL DEPOSIT INSURANCE COR-PORATION, to the use of Secretary of Banking, Receiver of Integrity Trust Company, to the use of Butcher & Sherrerd and Fidelity-Philadelphia Trust Company, Trustee,**

**v.**

**Harry J. ALKER, Jr., and Mamie DuBan, individually and as Executrix of the Estate of Alfred A. DuBan, deceased.**

**Civ. A. No. 3047.**

United States District Court
E. D. Pennsylvania.

Nov. 3, 1955.

Thomas Raeburn White, Philadelphia, Pa., for plaintiff.

Harry J. Alker, Jr., Philadelphia, Pa., for defendants.

WELSH, District Judge.

The history of this case is well known to the various Federal Courts, District and Appellate. The judgment of the District Court in favor of the plaintiffs was affirmed by the United States Court of Appeals on November 7, 1945. 3 Cir., 151 F.2d 907. That judgment was based on a decision of the United States Supreme Court covering loans of the type described in this case. D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956. After the conclusion of appellate actions in this case the defendant presented a petition for a new trial. The trial judge was confronted with the one year limitation in the Supreme Court Rules, Fed. Rules Civ.Proc. rule 60(b), 28 U.S.C. pertaining to the subject and realized that technically the defendant Alker's request for a new trial was barred. But having in mind that the fundamental purpose of the Court is to secure justice, under law, and that the rules of court which are of their own making are subject to their own interpretation in the light of precedent, tradition and equitable principles, we granted the motion for a new trial. The trial judge was moved very strongly to this conclusion by the allegations of defendant Alker that the witnesses he could produce upon a new trial and which he could not entirely present at the first trial would testify on the very subject matter which was the controlling policy in the Supreme Court decision which ruled that case.

In substance, the defendant states (a) that he will produce the successor to the deceased bank examiner who examined the books of the bank for four consecutive years and that he has made affidavit that the bank examiner discussed the Alker loan in extenso with the officers of the bank and that they approved it; (b) that he has located in California and will produce the insurance representative who placed the insurance on the life of defendant and that he will testify that he, the insurance representative, was advised by the officials of the bank that they would extend the loan to defendant for five years and ten years and that accordingly the insurance policy was issued; (c) defendant's office manager, a lieutenant stationed in the Aleutian Islands at the time of the trial, will testify that the bank president advised him that the loan was being extended for five years and then ten years; (d) that the Finance Committee of the bank had considered from time to time this loan and

---

made inquiries as to whether or not defendant was living up to his part of the agreement, and that the minutes of the Finance Committee will establish this as a fact.

The Circuit Court in its wisdom took the view that the one year limitation of the Supreme Court Rules barred the granting of a new trial. There the matter rested until June the 14th of this year when the Circuit Court in an opinion filed on that date in which it said:

"We are constrained at this time to grant the leave requested even though we have denied similar applications in the past. We do so because we have now reached the conclusion that Alker should have an opportunity to convince the district court, if he can, that he is entitled under Rule 60(b) of the Federal Rules of Civil Procedure to relief from the judgment entered against him by that court."

Pursuant to that authority we proceeded to have a hearing on the motion of defendant Alker for a new trial. Briefs were filed by both sides, decisions cited, and the case fully argued from all angles considered pertinent. The case is now before us as if no appeal had been taken, the writs of prohibition and mandamus having been vacated. We therefore are approaching the question as though the defendant Alker in due course and timely had moved for a new trial, not upon errors of law or anything that took place at the trial, but based solely on affidavits of the substance of the evidence he would produce. In our judgment justice and equity require that defendant Alker have an opportunity to submit this type of evidence so that any facts elucidated may be embodied in the findings of fact and conclusions of law in any opinion subsequently filed in the case. The discretion and latitude allowed a trial judge in granting a new trial must not be exercised with capriciousness or arbitrarily but with a conscientious feeling as chancellor that these additional witnesses should be heard, not at this time, but at a new trial where the testimony produced by direct examination and cross-examination could be the basis of findings of fact.

Feeling as we do, we grant the motion for a new trial, leaving to the appellate tribunals the question of the interpretation and application of the one year limitation in Rule 60(b) of the Federal Rules of Civil Procedure.